2021 BNH 001
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:

    Pitbull Realty Group Inc.,                        Bk. No. 19-10923-MAF

          Debtor

*Eleanor Wm Dahar, Esq.*
*Dahar Law Firm*
*Attorney for the Debtor*

## MEMORANDUM OPINION AND ORDER
## OVERRULING CLAIM OBJECTIONS

Before the Court are Pitbull Realty Group Inc.'s (the "Debtor") objections to the scheduled claims of Boulia-Gorrell Lumber (the "BG Lumber Objection," Doc. No. 208) and Kabbage Loan (the "Kabbage Objection," Doc. No. 212). Neither Boulia-Gorrell Lumber nor Kabbage Loan filed a proof of claim in the case. Rather, the Debtor scheduled Boulia-Gorrell Lumber as an unsecured creditor with a claim of $1,287.13 and Kabbage Loan as an unsecured creditor with a claim of $34,341.30 (Doc. Nos. 35 and 48). Notably, the Debtor did not schedule either claim as contingent, unliquidated, or disputed. In its chapter 11 plan, the Debtor listed the claims as scheduled and disputed "Class 8 General Unsecured Claims" (Doc. No. 156, Exhibit A). After the plan's confirmation, the Debtor filed the BG Lumber Objection and Kabbage Objection, asserting that the claims should be disallowed in their entirety based on each creditors' failure to file a proof of claim. The creditors did not file responses.

1

During a hearing on November 10, 2020, the Court questioned the Debtor about its failure to schedule the claims as disputed prior to filing its plan and the merits of the claims. While the Debtor conceded that it had no objections on the merits, it reasoned that the claims should be disallowed because the creditors did not contest the objections or the plan's treatment of their respective claims. The Court does not agree.

"Only certain claimants are required to file proofs of claim or interest in a chapter 11 reorganization case." In re Candy Braz, Inc., 98 B.R. 375, 378 (Bankr. N.D. Ill. 1988). In a chapter 11 case, "[a] proof of claim or interest is deemed filed under [Bankruptcy Code §] 501 . . . for any claim or interest that appears in the schedules filed under [Bankruptcy Code § 521(1)] . . . except a claim or interest that is scheduled as disputed, contingent or unliquidated." 11 U.S.C. § 1111(a). See also In re Candy Braz, Inc., 98 B.R. at 379 (explaining that Bankruptcy Code § 1111(a) "'dispense[s] with the need for every creditor and equity holder to file a proof of claim or interest in a reorganization case.'") (citations omitted).

Rule 3003(b)(1) provides that, in chapter 11 cases, "[t]he schedule of liabilities . . . shall constitute prima facie evidence of the validity and amount of the claims of creditors, *unless they are scheduled as disputed, contingent, or unliquidated.*" Fed. R. Bankr. P. 3003(b)(1) (emphasis added). It further states that "[i]t shall not be necessary for a creditor . . . to file a proof of claim . . . except as provided in [Rule 3003](c)(2)[,]" which outlines who must file a proof of claim and the consequences of failing to do so. Id. See also Fed. R. Bankr. P. 3003(c)(2). Rule 3003(c)(2) requires "[a]ny creditor . . . whose claim . . . is not scheduled or scheduled as disputed, contingent, or unliquidated [to] file a proof of claim . . . ." Fed. R. Bankr. P. 3003(c)(2). If a debtor schedules a creditor's claim as disputed, contingent, or unliquidated, the creditor's failure to timely file a proof of claim will preclude it from voting or participating in any distribution under a plan. See Id.

"[Rule 3003] provides that claims scheduled by the Debtor are entitled to the same *prima facie* evidentiary effect as those claims for which a properly executed proof of claim is filed[.]" In re Eternal Enter., Inc., 557 B.R. 277, 285 (Bankr. D. Conn. 2016).  Under Rule 3003(b)(1), Boulia-Gorrell Lumber and Kabbage Loan's claims are presumptively valid.  "'To overcome this *prima facie* evidence, the [Debtor] must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim[s].'"  In re Eternal Enter., Inc., 557 B.R. at 286 (quoting In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000)).

Here, the Debtor has failed to meet its initial burden as to both claims.  The Debtor's objections are based solely on the creditors' failure to file proofs of claim in the case, as opposed to the merits of the claims under section 502(b).  Because the Debtor did not schedule Boulia-Gorrell Lumber and Kabbage Loan's respective claims as disputed, contingent, or unliquidated, they were not obligated to file a proof of claim unless they disagreed with the scheduled claim amount or its character.  When a creditor is not required to file a proof of claim pursuant to Rule 3003(b)(1) and (c)(2), an objection should "not deprive the [scheduled claim] of its presumptive validity unless the objection is supported by substantial evidence." Juniper Dev. Grp. v. Kahn (In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st Cir. 1993) (explaining that a properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim and noting the objecting party's evidentiary burden).  Although Hemingway Transport involved objections to filed proofs of claim, there is no principled reason to assign different burdens of proof for claims that were scheduled as undisputed, liquidated and noncontingent in a chapter 11 case.  In the circumstances of this case, interposing objections to claims in the chapter 11 plan does not have the effect the Debtor desires.  Disallowance of the scheduled claims—for no other reason than the creditors' failure to respond to baseless objections—would be neither consistent

with the Code and the Rules nor fundamentally fair.  Consequently, the BG Lumber Objection and the Kabbage Objection are **OVERRULLED** and the claims are **ALLOWED**.

    ENTERED at Concord, New Hampshire.

Date: February 3, 2021                          /s/ Michael A. Fagone
                                                       Michael A. Fagone
                                                       United States Bankruptcy Judge
                                                       District of New Hampshire (by designation)